UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **RACHID ACHOUAL,** ) <br> 3415 Carlin Springs Rd #204, ) <br> Falls Church VA 22041 ) <br> ) <br> Individually and on behalf of other ) <br> Similarly situated persons ) <br> Plaintiff, ) <br> v. ) <br> ) <br> **COLONEL'S LIMITED, LLC,** ) <br> ) <br> <u>**SERVE:**</u> ) <br> CT Corporation System ) <br> 4701 Cox Road Suite 275 ) <br> Glen Allen VA 23060 ) <br> Defendant. ) | Case No. _____ <br><br> **JURY TRIAL DEMANDED** |

## **CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Rachid Archoual, individually and on behalf of other similarly situated delivery drivers, for his Complaint against Defendant, alleges as follows:

1. Defendant operates approximately 63 Papa John's franchise stores in Virginia, Maryland and the District of Columbia. Defendant employs delivery drivers who use their own automobiles to deliver pizza and other food items to its customers' homes and workplaces. Instead of reimbursing them for the reasonably approximate costs of the business use of their vehicles, Defendant uses a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the minimum wages.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* to recovery unpaid minimum wages owed to Defendant's delivery drivers presently and formerly employed in Virginia and Maryland and as a class action

under the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.,* to recover unpaid minimum wages and cost reimbursements owed to Defendant's delivery drivers presently and formerly employed in the District of Columbia.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. The DCMWA authorizes court actions by private parties to recover damages for violation of its wage, hour and cost reimbursement provisions. Jurisdiction over Plaintiff's DCMWA claims is based on 28 U.S.C. § 1367 (pendent claims) and D.C. Code § 32-1012.

Venue in this District is proper under 28 U.S.C. § 1391 because the parties reside in this District, Defendant employs Plaintiff in this District, Defendant operates Papa John's stores in this District, and a substantial part of the events giving rise to the claims herein occurred in this District.

## Parties

6. Defendant Colonel's Limited, LLC is a Virginia limited liability company that has operated Papa John's stores within this District during times relevant.

7. Plaintiff Rachid Achoual has been employed by Defendant since approximately 2008 as a delivery driver at its Papa John's stores located in Alexandria, Virginia, Falls Church, Virginia and the District of Columbia. Plaintiff Achoual's consent to pursue this claim under the FLSA is attached hereto as "Exhibit 1."

## General Allegations

*Defendant's Business*

8. Defendant owns and operates approximately 63 Papa John's franchise stores, including stores within this District.

9. Defendant's Papa John's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

*Defendant's Flawed Automobile Reimbursement Policy*

10. Defendant requires its delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

11. Defendant's delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendant.

12. Defendant's reimbursement policy reimburses delivery drivers on a per-delivery basis that equates to far below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendant's delivery drivers.

13. The result of Defendant's delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

14. During the applicable limitations period, the IRS business mileage reimbursement rate ranged between $.535 and $.575 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the American Automobile Association ("AAA"), have determined that the average cost of owning and operating a sedan ranged from $.571 to $.592 per mile between 2014 and 2016 when driven approximately 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas and other food items.

15. The driving conditions associated with the pizza delivery business cause more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendant's delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

16. Defendant's reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendant uniformly fails to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendant's benefit.

17. Defendant's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendant such that the hourly wages it pays to Plaintiff and its other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

18. Defendant fails to reasonably approximate the amount of its delivery drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal and District of Columbia minimum wage requirements.

19. In sum, Defendant's reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendant's Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

20. Regardless of the precise amount of the per-delivery reimbursement at any given point in time, Defendant's reimbursement formula has resulted in an unreasonable underestimation of

delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal and District of Columbia minimum wages.

21. Defendant has paid Plaintiff $7.25 per hour, including a tip credit, when he has worked at its stores in Virginia and Defendant paid him the District of Columbia minimum wage while he has worked at Defendant's store in that federal district.

22. The federal minimum wage has been $7.25 per hour since July 24, 2009.

23. The District of Columbia's minimum wage was $8.25 per hour from the start of the recovery period through July 1, 2014, $9.50 per hour from July 1, 2014 to June 30, 2015, $10.50 per hour from July 1, 2015 to June 30, 2016, and has been $11.50 per hour since July 1, 2016.

24. Plaintiff drove a 2012 Nissan Rogue, a 1999 Volvo S70, a 1999 Toyota Corolla and a 2001 Toyota Corolla while delivering pizzas for Defendant.

25. During Plaintiff's employment by Defendant, the per-delivery reimbursement rate was about $1.12 per delivery.

26. During his employment with Defendant, Plaintiff experienced an average round-trip delivery distance of at least 4.5 miles per delivery.

27. Thus, during the applicable limitations period, Defendant's average effective reimbursement rate for Plaintiff was approximately $.25 per mile ($1.12 per delivery / 4.5 average miles per delivery).

28. During this same time period, the IRS business mileage reimbursement rate ranged between $.56 and $.575 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. *Internal Revenue Service*, Standard Mileage Rates, https://www.irs.gov/tax-professionals/standard-mileage-rates (last visited June 12, 2017). Using the lowest IRS rate in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile

5

driven on the job decreased his net wages by approximately $.285 ($.535 - $.25) per mile. Considering Plaintiff's estimate of approximately 4.5 average miles per delivery, Defendant under-reimbursed him about $1.28 per delivery ($.285 x 4.5 average miles).

29. Defendant did not ask Plaintiff to track his actual automobile expenses.

30. During his employment by Defendant, Plaintiff typically averaged approximately 2 deliveries per hour.

31. Thus, Plaintiff consistently "kicked back" to Defendant approximately $2.56 per hour ($1.28 per delivery x 2 deliveries per hour), for an effective hourly wage rate of about $4.69 per hour while working in Virginia ($7.25 per hour - $2.56 kickback) and about $7.94 per hour during the majority of his time spent working in the District of Columbia from about June to December 2015 ($10.50 per hour - $2.56 kickback).

32. All of Defendant's Virginia and Maryland delivery drivers had similar experiences to those of Plaintiff during his employment in Virginia. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances with similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

33. All of Defendant's District of Columbia delivery drivers had similar experiences to those of Plaintiff during his employment in that federal district. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances with similar frequencies; and were paid at or near the District of Columbia minimum wage before deducting unreimbursed business expenses.

34. Because Defendant paid its drivers a gross hourly wage at precisely, or at least very close to, the applicable federal or District of Columbia minimum wage, and because the delivery drivers

incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendant an amount sufficient to cause minimum wage violations.

35. While the amount of Defendant's actual reimbursements per delivery may vary over time, Defendant is relying on the same flawed policy and methodology with respect to all delivery drivers at all of its other Papa John's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

36. Defendant's low reimbursement rates were a frequent complaint of delivery drivers, including Plaintiff, yet Defendant continued to reimburse at a rate much less than any reasonable approximation of the drivers' automobile expenses.

37. The net effect of Defendant's flawed reimbursement policy is that it willfully fails to pay the federal and District of Columbia minimum wages to its delivery drivers. Defendant thereby enjoys ill-gained profits at the expense of its employees.

### Collective and Class Action Allegations

38. Plaintiff brings Count I as an FLSA "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of similarly situated delivery drivers who have worked in Virginia and Maryland.

39. The FLSA claims may be pursued by those delivery drivers who opt-in to this case pursuant to 29 U.S.C. § 216(b).

40. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief under the FLSA on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential class members may be notified of the pendency of this action via regular and/or electronic mail.

41. Plaintiff and Defendant's delivery drivers in Virginia and Maryland are similarly situated in that:

    a. They have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

    b. They have delivered pizza and food items using automobiles not owned or maintained by Defendant;

    c. Defendant required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendant;

    e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. They were subject to the same pay policies and practices of Defendant;

    g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

    h. They were reimbursed similar set amounts of automobile expenses per delivery; and

    i. They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

42. Plaintiff brings Counts II and III as a class action under Fed. R. Civ. P. 23, on behalf of himself and as the class representative of the following persons (the "DC Class"):

> All current and former delivery drivers employed by Defendant in the District of Columbia since the date three years preceding the filing of this Complaint.

43. The District of Columbia claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the D.C. Class.

44. Plaintiff's District of Columbia claims satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action under Fed. R. Civ. P. 23.

45. The D.C. Class satisfies the numerosity standard as it consists of at least hundreds of persons who are geographically dispersed and, therefore, joinder of all members of the D.C. Class in a single action is impracticable.

46. Questions of fact and law common to the D.C. Class predominate over any questions affecting only individual members including, without limitation:

    a. Whether Defendant failed to pay net wages to members of the D.C. Class as required by the DCMWA;

    b. Whether Defendant failed to reasonably reimburse members of the D.C. Class for using their own vehicles to deliver Defendant's pizzas and other food items; and

    c. Whether Defendant's formula and/or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the members of the D.C. Class.

47. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the District of Columbia claims.

48. Plaintiff's claims are typical of those of the D.C. Class in that:

    a. Plaintiff and the D.C. Class have worked as delivery drivers for Defendant delivering pizza and other food items to Defendant's customers;

 b.  Plaintiff and the D.C. Class delivered pizza and food items using automobiles not owned or maintained by Defendant;

 c.  Defendant required Plaintiff and the D.C. Class to maintain their automobiles in a safe, legally-operable, and insured condition;

 d.  Plaintiff and the D.C. Class incurred costs for automobile expenses while delivering pizzas and other food items for the primary benefit of Defendant;

 e.  Plaintiff and the D.C. Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

 f.  Plaintiff and the D.C. Class were subject to the same pay policies and practices of Defendant;

 g.  Plaintiff and the D.C. Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the District of Columbia minimum wage in some or all workweeks; and

 h.  Plaintiff and the D.C. Class were reimbursed similar set amounts of automobile expenses per delivery; and

 i.  They were paid at or near the District of Columbia minimum wage before deducting unreimbursed business expenses.

49. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the D.C. Class.

50. Plaintiff is an adequate representative of the D.C. Class because he is a member of the D.C. Class and his interests do not conflict with the interests of the members of the D.C. Class he seeks

to represent. The interests of the members of the D.C. Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

51. Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the D.C. Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the D.C. Class, and there are no material difficulties impairing the management of a class action.

52. It would be impracticable and undesirable for each member of the D.C. Class to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all D.C. Class members.

### Count I: Violation of the Fair Labor Standards Act

53. Plaintiff reasserts and re-alleges the allegations set forth above.

54. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

55. Defendant is subject to the FLSA's minimum wage requirements because it constitutes an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

56. At all relevant times, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided by the FLSA, 29 U.S.C. §§ 201, *et seq.*

57. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

58. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

59. Defendant has reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

60. Defendant knew or should have known that its pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

61. Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

62. Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's stores.

63. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

64. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to

the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant is not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

65. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated delivery drivers demand judgment against Defendant and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Count II: Violation of the District of Columbia Minimum Wage Act by Paying Sub-Minimum Net Wages After Deducting Unreimbursed Vehicle Costs

66. Plaintiff reasserts and re-alleges the allegations set forth above.

67. At all relevant times herein, Plaintiff and all other members of the D.C. Class have been entitled to the rights, protections, and benefits provided under the DCMWA, D.C. Code § 32-1001 *et seq.*

68. During all times relevant to this action, Defendant has been the "employer" of Plaintiff and all other members of the D.C. Class within the meaning of the DCMWA. D.C. Code § 32-1002(3).

69. During all times relevant to this action, Plaintiff and all other members of the D.C. Class have been Defendant's "employees" within the meaning of the DCMWA. D.C. Code § 32-1002(2).

70. The DCMWA has required that "employers" pay their "employees" at least $8.25 per hour from the beginning of the recovery period to June 30, 2014, at least $9.50 per hour from July 1, 2014 to June 30, 2015, at least $10.50 per hour from July 1, 2015 to June 30, 2016, and at least $11.50 per hour since July 1, 2016. D.C. Code § 1003(a).

71. Defendant has violated the DCMWA by failing to pay Plaintiff and all other members of the D.C. Class the full District of Columbia minimum wage for all time worked after deducting unreimbursed vehicle costs incurred by its delivery drivers in performing their jobs. *Id.*

72. Plaintiff and all other members of the D.C. Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the DCMWA has been applied, and continues to be applied, to all members of the D.C. Class.

73. Plaintiff and all other members of the D.C. Class are entitled to recover their unpaid wages within three years of the date of filing this action. D.C. Code § 32-1012(b)(1).

74. Plaintiff and all other members of the D.C. Class are entitled to recover statutory penalties. *Id.*

75. Plaintiff and all other members of the D.C. Class are entitled to recover liquidated damages equal to treble the amount of unpaid wages. *Id.*

76. Plaintiff and all other members of the D.C. Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

77. Defendant is liable for Plaintiff's usual and necessary costs and attorneys' fees incurred in this action. D.C. Code §§ 32-1012(c) & 32-1308(b).

WHEREFORE on Count II of this Complaint, Plaintiff and the D.C. Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) statutory penalties; (3) liquidated damages equal to treble the amount of unpaid wages; (4) pre-judgment and post-judgment interest

as provided by law; (5) attorneys' fees and litigation costs; and (6) such other relief as the Court deems fair and equitable.

### Count III: Violation of the District of Columbia Minimum Wage Act by Failing to Reimburse the Cost of Tools

78. Plaintiff reasserts and re-alleges the allegations set forth above.

79. At all relevant times herein, Plaintiff and all other members of the D.C. Class have been entitled to the rights, protections, and benefits provided under the DCMWA, D.C. Code § 32-1001 *et seq.*

80. During all times relevant to this action, Defendant has been the "employer" of Plaintiff and all other members of the D.C. Class within the meaning of the DCMWA. D.C. Code § 32-1002(3).

81. During all times relevant to this action, Plaintiff and all other members of the D.C. Class have been Defendant's "employees" within the meaning of the DCMWA. D.C. Code § 32-1002(2).

82. The DCMWA has required that "[i]n addition to the wages required by [the DCMWA], the employer shall pay the cost of purchasing and maintaining any tools required of the employee in the performance of the business of the employer." 7 D.C.M.R. § 910.1.

83. For purposes of 7 D.C.M.R. § 910.1, vehicles driven for business use constitute a "tool of the trade" and thus Defendant is required to pay for the cost of owning and maintain a motor vehicle for business use to deliver Defendant's pizzas and other food products to its customers irrespective of whether that cost reduces their net wages below the applicable minimum wage rate.

84. Defendant is violating the DCMWA by failing to pay the cost of owning and operating a motor vehicle for business use required of the D.C. Class to perform Defendant's business. 7 D.C.M.R. § 910.1.

85. Plaintiff and all other members of the D.C. Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the DCMWA has been applied, and continues to be applied, to all members of the D.C. Class.

86. Plaintiff and all other members of the D.C. Class are entitled to recover their unreimbursed vehicle purchase and maintenance costs incurred within three years of the date of filing this action. D.C. Code § 32-1012(b)(1).

87. Plaintiff and all other members of the D.C. Class are entitled to recover statutory penalties. *Id.*

88. Plaintiff and all other members of the D.C. Class are entitled to recover liquidated damages equal to treble the amount of unpaid wages. *Id.*

89. Plaintiff and all other members of the D.C. Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

91. Defendant is liable for Plaintiff's usual and necessary costs and attorneys' fees incurred in this action. D.C. Code §§ 32-1012(c) & 32-1308(b).

WHEREFORE on Count III of this Complaint, Plaintiff and the D.C. Class demand judgment against Defendant and pray for: (1) compensatory damages; (2) statutory penalties; (3) liquidated damages equal to treble the amount of unreimbursed costs; (4) pre-judgment and post-judgment interest as provided by law; (5) attorneys' fees and litigation costs; and (6) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

>Respectfully submitted,
>Plaintiff
>By Counsel

WADE, GRIMES, FRIEDMAN, MEINKEN & LEISCHNER, P.L.L.C.

/s/_____
Foster S. B. Friedman, VSB# 33524
616 North Washington Street
Alexandria, Virginia  22314
(703) 836-9030 (telephone)
(703) 683-1543 (facsimile)
friedman@oldtownlawyers.com

and

**PAUL LLP**
Richard M. Paul III
(*pro hac vice* application forthcoming)
Susan L. Becker
(*pro hac vice* application forthcoming)
601 Walnut Street, Suite 300
Kansas City, Missouri 64106
Telephone:	(816) 984-8100
Facsimile:	(816) 984-8101
Rick@PaulLLP.com
Sue@PaulLLP.com

 and

**WEINHAUS & POTASHNICK**
Mark Potashnick
(*pro hac vice* application forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 6314
Telephone: (314) 997-9150 ext. 2
Facsimile: (314) 997-9170
markp@wp-attorneys.com

**ATTORNEYS FOR PLAINTIFFS**

17